UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:22-CR-00112-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JACOB MONTEZ CRINER (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Defendant Jacob Montez Criner ("Defendant") moves for "compassionate release/sentence reduction." [Doc. No. 56]. The United States of America ("the Government") opposes the Motion. [Doc. No. 60]. For reasons below, Defendant's Motion is **DENIED** for failure to exhaust administrative remedies.

The Fifth Circuit Court of Appeals has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule before prisoners may move for reduction in sentence. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Satisfaction of this claim-processing rule occurs when the prisoner files a request for sentence reduction and either the Bureau of Prisons denies the request or fails to respond within thirty (30) days of the request. 18 U.S.C. § 3582(c)(1).

Here, Defendant appears to concede that he never made such a request and did not exhaust any administrative remedies.[1] He does not provide any documentation showing that he made a request and was denied or that a request was unanswered after 30 days. And according to the Government: (i) Bureau of Prisons

---
[1] [Doc. No. 56, p. 2].

records show that Defendant "has not previously sought relief through BOP administrative channels"; (ii) a "search of the Reduction in Sentence database shows the defendant has not made any requests through that system"; and (iii) the Warden of "USP McCreary has not received any requests from the defendant for administrative relief."[2]

Defendant suggests that he was not required to exhaust his administrative remedies, arguing: "The Guideline table was changed under 1b1.13 that brought forth a (c) section that stipulates that a Petitioner does not necessarily have to exhaust administrative remedy . . . as long as there's a 'new' or 'intervening change of the law' that brings forth an 'Extraordinary and Compelling Reason' to seek, compassionate release. [sic]."[3] The Government maintains that Defendant's argument is "patently false, as the section [Defendant] cites in support . . . [U.S.S.G. 1B1.13(c)] provides no such thing."[4] The Court agrees with the Government: U.S.S.G. 1B1.13(c), does not state what Defendant claims it states.

Because Defendant Jacob Montez Criner has failed to exhaust administrative remedies, his Motion, [Doc. No. 56], is **DENIED**.

MONROE, LOUISIANA, this 9th day of October 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] [Doc. No. 60, pp. 1–2].
[3] [Doc. No. 56, p. 2].
[4] [Doc. No. 60, pp. 1–2].